IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KIMBERLY CLOWDUS,** | **3:16-cv-01812-BR** |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **NANCY A. BERRYHILL,**[1]<br>**Acting Commissioner, Social**<br>**Security Administration,** | |
| Defendant. | |

**ROBYN M. REBERS**
P.O. Box 3530
Wilsonville, OR 97070
(503) 871-8890

    Attorneys for Plaintiff

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed Acting Commissioner of Social Security and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MARTHA A. BODEN**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 MS 221A
Seattle, WA 98104-7075
(206) 615-2539

      Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#17) for Fees Under the Equal Access to Justice Act in which she seeks an award of attorneys' fees pursuant to 28 U.S.C. § 2412.

For the reasons that follow, the Court **DENIES** Plaintiff's request for EAJA fees.

## BACKGROUND

Plaintiff protectively filed her application for Disability Insurance Benefits (DIB) on August 19, 2012, and her application for Supplemental Security Income (SSI) on October 30, 2012. Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a

hearing on November 21, 2014.

The ALJ issued a decision on March 26, 2015, in which he found Plaintiff is not entitled to benefits. After the ALJ issued his decision Plaintiff submitted additional medical records to the Appeals Council. On July 25, 2016, however, the Appeals Council concluded those records did not provide a basis to modify the ALJ's decision and denied Plaintiff's request for review. The ALJ's decision, therefore, became the final decision of the Commissioner.

Plaintiff appealed the decision of the Commissioner to this Court. This Court reviewed the Commissioner's denial of benefits, and, after reviewing the record, the Court issued its Opinion and Order on August 17, 2017, reversing the decision of the Commissioner and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

On November 7, 2017, Plaintiff filed this Motion for EAJA Fees. Plaintiff seeks an award of attorneys' fees in the amount of $5,245.90.

**STANDARDS**

Under EAJA the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff

3 - OPINION AND ORDER

is the prevailing party, (2) the Commissioner has not met her burden to show that her positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)(internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based both in law and in fact. *Id.* (citing *Pierce v. Underwood*, 487 US. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *U.S. v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

When the Commissioner opposes a claimant's fee request, she bears the burden to establish her positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail, therefore, the Commissioner must establish the positions taken by the Commissioner in opposition to the claimant's efforts to obtain Social Security benefits in both the proceedings before this Court and the underlying administrative action were substantially justified. *See Lewis*, 281 F.3d at 1085-86.

The Commissioner's position "'must be justified in substance or in the main,' – that is, justified to a degree that could satisfy a reasonable person." *Gonzales*, 408 F.3d at 618 (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales,* 408 F.3d at 618 (citing *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir. 1986)).

## DISCUSSION

Plaintiff asserts she is entitled to attorneys' fees because the Commissioner's position was not substantially justified.

In its Opinion and Order issued August 17, 2017, this Court

5 - OPINION AND ORDER

concluded the ALJ did not err when he found Plaintiff's foot conditions and hypertension are nonsevere. The Court also concluded the ALJ did not err when he found Plaintiff's fibromyalgia is nonsevere and/or that such an error would be harmless because the ALJ considered Plaintiff's "decades" of chronic pain when he assessed Plaintiff's RFC. In addition, the Court considered the records Plaintiff submitted for the first time to the Appeals Council and concluded those records did not reflect Plaintiff's foot conditions were expected to affect her for a "continuous period of not less than 12 months." The Court also noted the new medical records reflected Plaintiff's hypertension was treated conservatively and that Plaintiff rarely complained of symptoms related to her hypertension. The Court, therefore, concluded the new records did not undermine the ALJ's opinion that Plaintiff's hypertension is nonsevere.

The Court also noted the new records contained only one reference to fibromyalgia (Plaintiff "has [had] chronic pain for decades in a pattern [consistent with] fibromyalgia"), but that record did not contain a formal diagnosis of fibromyalgia or any indication that Plaintiff's symptoms met the diagnostic criteria for fibromyalgia. The Court, therefore, concluded the new records did not undermine the ALJ's opinion that fibromyalgia was not a medically determinable impairment. Nevertheless, the Court concluded the ALJ erred when he found Plaintiff had the Residual

Function Capacity (RFC) to lift and to carry at a medium exertional level because "the medical record clearly reflects Plaintiff has some degree of chronic pain that would preclude her from performing full-time work at the medium-exertion level at least with respect to lifting and carrying." Opin. and Order at 16.

As noted, Plaintiff asserts she is entitled to attorneys' fees because the Commissioner's position was not substantially justified. In *Decker v. Berryhill* the Ninth Circuit addressed the question of substantial justification in the EAJA context under circumstances similar to those in this case. 856 F.3d 659 (9th Cir. 2017).

In *Decker* the plaintiff submitted new evidence to the Appeals Council after the ALJ issued his decision. Specifically, the plaintiff submitted the results of blood tests that were not available at the time the ALJ issued his decision. *Id*. at 662. The plaintiff, however, did not submit a doctor's opinion or other evidence interpreting the results. The Appeals Council considered the new evidence but declined to review the denial of benefits. The plaintiff filed an action in district court challenging the Commissioner's denial of benefits and the district court remanded the matter for further proceedings in light of the new evidence submitted to the Appeals Council. The district court noted "there is at least a possibility that [the

plaintiff's doctor] could interpret these results in a way that warrants departure from the ALJ's decision." *Id*. at 663. The plaintiff then moved for attorneys' fees pursuant to EAJA and the government objected on the ground that its position was substantially justified. The district court denied the plaintiff's motion for attorneys' fees. The plaintiff appealed, and the Ninth Circuit noted the issue presented was "whether the new evidence [the plaintiff] submitted to the Appeals Council required remand to the ALJ for consideration of how the new data might impact [the plaintiff's] disability determination." *Id*. at 664. The Ninth Circuit concluded it did not.

> It was not so obvious, though, whether [the plaintiff's] case required remand. [The plaintiff's] new evidence consisted of two pages of blood test results, without further explanation. A medical laboratory report that identifies certain test results as "abnormal" when compared to stated reference ranges is not very meaningful by itself. A report of one or more "abnormal" test results might be evidence that supports a finding of long-term disability, but it does not on its face compel it. . . . [T]he district court explained the decision to remand the merits case to the agency by observing that there was "a possibility" that the results could be interpreted by [the plaintiff's] doctor to support a result different from that reached by the ALJ. That result was not inevitable, however.

*Id*. The Ninth Circuit concluded the plaintiff's "new evidence, though sufficient in the end to persuade the district court to remand the case, did not make that the only reasonable result. We cannot say, in that circumstance, that the district court

abused its discretion in reaching the conclusion that the Commissioner's position in opposing remand was substantially justified." *Id*.

Similarly, here the Court found Plaintiff's new evidence was sufficient to remand the case for re-examination of Plaintiff's RFC, but that result was neither inevitable nor the only reasonable result. The Court concludes, therefore, the government's position was substantially justified.

Accordingly, the Court denies Plaintiff's Motion for Fees.

## **CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion (#17) for Fees Under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED this 22nd day of January, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge